David & Alvira **SCHAAF**, individually, and David Schaaf as Personal Representative of, the Estate of Jacob Schaaf, Plaintiffs,

v.

**CATERPILLAR, INC.,** Defendant.

No. A1–02–50.

United States District Court,
D. North Dakota,
Southwestern Division.

Sept. 19, 2003.

Irvin B. Nodland, Nodland Law Offices, Bismarck, ND, for Plaintiffs.

M. Daniel Vogel, Vogel Law Firm, Fargo, ND, Monte Lane Rogneby, Vogel Law Firm, Bismarck, ND, Mark L. Tripp, Bradshaw, Fowler, Proctor & Fairgrave, PC, Des Moines, IA, for Defendant.

## ORDER GRANTING IN PART MOTION TO EXCLUDE TESTIMONY OF PLAINTIFFS' EXPERT WITNESS REGARDING ADEQUATE WARNINGS

HOVLAND, Chief Judge.

Before the Court is the Defendant's Motion to Exclude Plaintiffs' Expert, Cletus Schertz, Pursuant to Federal Rules of Evidence 104, 410–403, 702, and *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The Defendant, Caterpillar Inc., seeks to exclude the testimony of Plaintiffs' ("Schaafs") proffered expert witness, Cletus Schertz, ("Schertz") regarding the adequacy of warnings on the basis that his opinions regarding warnings are outside his area of expertise. The Plaintiffs', the Schaafs, respond by stating that Schertz is not going to be called upon to opine about the adequacy of the warnings, but rather the fact that Caterpillar failed to provide any warning whatsoever which would be visible to other persons who might attempt to mount the machine when it is in motion.

## I. BACKGROUND

The basic factual underpinnings of this case are undisputed. Jacob Schaaf was working on his parents farm near Glen Ullin, North Dakota, on August 10, 2001, when he was run over and seriously injured by a Caterpillar Challenger 85C track-type tractor ("Caterpillar tractor") onto which he had attempted to climb while it was moving. Schaaf was conscious after the accident and was taken to a hospital in Bismarck where he died ap-

proximately six (6) hours after the accident. This wrongful death action is brought by his parents, David and Alvira Schaaf, individually, and by David Schaaf as the personal representative of the Estate of Jacob Schaaf. The action is based in tort and alleges that the tractor manufactured by Caterpillar was defectively designed and unreasonably dangerous.

## II. LEGAL DISCUSSION

Rule 702 of the Federal Rules of Evidence sets forth the standard for expert testimony and provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed.R.Evid. 702. Rule 702 requires the trial judge to act as a "gatekeeper" admitting expert testimony only if it is both relevant and reliable. *See Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The trial court is given broad discretion in its determination of reliability. *Kumho Tire Co. v. Carmichael,* 526 U.S. 137, 142, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). However, the gatekeeper role should not invade the province of the jury whose job it is to decide issues of credibility and to determine the weight to be accorded such evidence. *See Arkwright Mut. Ins. Co. v. Gwinner Oil Co.,* 125 F.3d 1176, 1183 (8th Cir.1997).

The Eighth Circuit has set forth three prerequisites that must be met in order for

expert testimony to be admitted under Rule 702.

First, evidence based on scientific, technical, or other specialized knowledge must be useful to the finder of fact in deciding the ultimate issue of fact. This is the basic rule of relevancy. Second, the proposed witness must be qualified to assist the finder of fact. Third, "the proposed evidence must be reliable or trustworthy in an evidentiary sense, so that, if the finder of fact accepts it as true, it provides the assistance the finder of fact requires...."

*Lauzon v. Senco Products, Inc.*, 270 F.3d 681, 686 (8th Cir.2001) (quoting 4 Jack B. Weinstein & Margaret A. Berger, Weinstein's Federal Evidence § 702.02[3] (2001)).

In the well-known case of *Daubert v. Merrell Dow Pharmaceuticals Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), the United States Supreme Court held that the "general acceptance" standard articulated in Frye was "not a necessary precondition to the admissibility of scientific evidence under the Federal Rules of Evidence, but the Rules of Evidence especially Rule 702 do assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." 509 U.S. 579, 597, 113 S.Ct. 2786. The Supreme Court has also held that the principles set forth in Daubert apply to all expert testimony. *Kumho Tire Co. Ltd. v. Carmichael*, 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999) ("We conclude that Daubert's general holding setting forth the trial judge's general 'gatekeeping' obligation applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge."); accord *Jaurequi v. Carter Manufacturing Co. Inc.*, 173 F.3d 1076, 1082 (8th Cir.1999).

The Eighth Circuit has consistently applied the Daubert analysis when faced with the question of whether an expert's opinions regarding the adequacy of warnings in a strict products liability case should be admissible. *See Jaurequi v. Carter Manufacturing Co., Inc.*, 173 F.3d 1076, 1084 (8th Cir.1999); *Robertson v. Norton Co.*, 148 F.3d 905, 907–908 (8th Cir.1998). In Jaurequi, the Eighth Circuit held that excluding the testimony of expert witnesses was within the district court's discretion when the experts had not created or designed a warning device that would have been more appropriate and when the experts were unable to show that other manufacturers in the industry were using warnings of the type suggested by the expert. 173 F.3d 1076, 1084. The Court concluded the "reliability of [the experts'] testimony is therefore extremely questionable." *Id.*

Similarly, in *Robertson v. Norton Co.*, the Eighth Circuit held that excluding the testimony of a proffered expert witness was within the district court's discretion when the expert, who was undoubtedly qualified to testify about a manufacturing defect in the product at issue, was not qualified to offer an opinion about warnings. 148 F.3d 905, 907.

## A. USEFULNESS OF TESTIMONY

As the Eighth Circuit has articulated, the first prerequisite that must be met in order for expert testimony to be admitted under Rule 702 is whether the testimony is based on scientific, technical, or other specialized knowledge would be useful to the finder of fact in deciding the ultimate issue of fact. *Lauzon*, 270 F.3d 681, 686. The Schaffs assert that expert witness Schertz's testimony would assist the jury in understanding the relevant ANSI/ASAE Standards relating to safe product manufacturing. Caterpillar does not contend

that Schertz's opinions would not be useful for the jury, but rather relies upon failure in other aspects of Schertz's proposed testimony. There is no question that expert testimony on the adequacy of the warnings on the Caterpillar tractor would be of assistance to the jury in deciding the ultimate issue of fact and that testimony of this nature would be based on scientific, technical, or other specialized knowledge. The Court finds that the Schaafs have shown the testimony of expert witness Schertz would satisfy the first prerequisite of admissibility under Rule 702.

## B. QUALIFICATIONS OF THE PROPOSED WITNESS

The second prerequisite that must be met in order for expert testimony to be admitted under Rule 702 is the question of whether the proposed witness is qualified to assist the finder of fact. *Lauzon*, 270 F.3d 681, 686. Caterpillar contends that Schertz does not have the qualifications necessary to make him an expert on the adequacy of warnings. Caterpillar looks to the Robertson opinion for support. In Robertson, the Eighth Circuit found an expert who had taken a college entry-level psychology course, had been a past member in the Human Factors Society, and had limited experience looking at literature and drafting warnings for a coal gasification facility, was not qualified to render an opinion on the adequacy of the warnings. 148 F.3d at 907, n. 1.

In this case, the curriculum vitae of the Schaffs' proffered expert witness, Cletus Schertz, does not reveal that Schertz has any specialized training in the field of warnings. Schertz was also questioned about his background and training in a deposition taken, February 21, 2003.

Q:I'd now like to know whether or not you've ever providing [sic] consulting services to a manufacturer of agricultural equipment wherein you drafted their instructional materials and/or warning material that would accompany a product?

A:No, I have not.

(Schertz Deposition at 16–17)

Q:Have you ever had any specific training in that human factors area?

A:Yes.

Q:And tell me about that, outline that for me.

A:A workshop at North Carolina State University.

Q:And how long was that?

A:That was in the late '60s, early '70s.

(Schertz Deposition at 35–36).

Q:[H]ave you ever been involved in a case where you've rendered an opinion regarding adequacy or inadequacy of instructional material or safety placards or decals related to a track type tractor?

A:No.

(Schertz Deposition at 36).

Q:With respect to the safety sign that should have been let's focus on what you feel should have been mounted on the machine. You haven't come up with a drawing or any example of what you feel should be mounted on the machine, is that right?

A:No, I have not.

(Schertz Deposition at 115).

The Schaafs contend that Schertz is not going to be called upon to opine about the adequacy of the warnings or what a proper warning sign should look like, i.e., content, size, color, etc. Rather, Schertz's testimony will explain to the jury that proper design and adherence to industry standards required that Caterpillar provide some type of safety/warning signs at the actual site of the hazards on the equipment so that owners, operators and "others" would be aware that certain hazards exist. The Schaffs expect Schertz to testify that Caterpillar failed to provide any warning which would be visible to other persons

who might attempt to mount the machine when it is in motion. In other words, counsel for the Schaafs has indicated that Schertz's testimony will address general industry standards and the accepted design process for the manufacture of agricultural equipment.

It appears the parties have different views of what topics Schertz will cover in his testimony at trial. Nevertheless, the Court finds that Schertz is qualified to express opinions on the principles of the design process and the applicability of the relevant ANSI/ASAE Standards. However, the Court also finds that Schertz lacks the qualifications necessary to testify as an expert concerning issues related to the adequacy of warnings; namely, the type of warning, size, shape, content, color, etc. In addition, Schertz has never designed a warning for the type of product at issue. Robertson, 148 F.3d 905, 907. The Court finds that Schertz is less qualified that the expert in Robertson, who the Eighth Circuit expressly found was not qualified to render an opinion on the adequacy of warnings.

## C. RELIABILITY OF THE PROPOSED TESTIMONY

Caterpillar asserts that Schertz's lack of expertise also weighs against the reliability of his proposed testimony. The Schaffs again reiterate their assertion that Schertz is not expected to testify as to the adequacy of the warnings, but rather that warnings were wholly absent and that ANSI/ASAE Standards require some form of a warning sign to alert the operator and others of the risk of personal injury during normal operations.

There is no question that Schertz is knowledgeable in the area of the design of agricultural equipment. In addition, there is no question that Schertz is knowledgeable in the area of ANSI/ASAE Standards and, thus would be qualified to testify as to

what the ANSI/ASAE Standards require. However, there is no indication in the record that his expertise extends to the topic of the adequacy of warnings.

While Schertz can certainly set forth what the ANSI/ASAE Standards require, his opinion that Caterpillar failed to provide adequate warnings on the Caterpillar tractor in question is a matter outside the scope of his expertise. Schertz can testify that there were no warnings on the Caterpillar tractor at issue, but he should not be allowed to express opinions as to the appropriate size, shape, color, content or location of any such warning signs. The Court finds that the Schaffs have failed to show that Schertz's proposed testimony with respect to the adequacy of warnings is "reliable or trustworthy in an evidentiary sense." *Lauzon*, 270 F.3d 681, 686 (8th Cir.2001).

## III. CONCLUSION

Accordingly, the Court finds that under Rule 702 of the Federal Rules of Evidence and the principles of Daubert and subsequent Eighth Circuit case law, the Schaffs have not shown that Schertz is qualified to testify as to the adequacy of warnings on the Caterpillar tractor. The Defendant's Motion to Exclude the testimony of Cletus Schertz as it pertains to the adequacy of the warnings (Doc. No. 44) is GRANTED. Schertz shall not be permitted to testify about the adequacy of the warnings on the Caterpillar tractor at issue. However, Schertz shall be permitted to testify and express opinions on general industry standards; the accepted design process for the manufacture of agricultural equipment and machinery; and the application, if any, of the relevant ANSI/ASAE Standards.

IT IS SO ORDERED.